## GEORGE CARLISLE & wife *vs.* EZRA WESTON.

A declaration, in trespass *de bonis asportatis*, is ill, even after verdict, if it do not aver the plaintiff's title to the goods.

When judgment is arrested after verdict, and leave to amend and a new trial are granted, costs are allowed to the defendant from the time the case went to the jury.

TRESPASS *de bonis asportatis*. There was no averment in the declaration that the goods were the property of the plaintiffs, or that they had any possession, or right of possession, at the time of the taking. After verdict for the plaintiffs, *Brigham* filed a motion in arrest of judgment, and cited Com.

Dig. Pleader, 3 M. 9.  Gould Pl. 503.  *Franklyn* v. *Reeves*, Rep. Temp. Hardw. 118.

*B. Sumner*, for the plaintiffs, asked leave to amend, without terms, if the court should decide that the defect in the declaration was not cured by the verdict.

*Brigham* asked for costs, if the plaintiffs should amend, and cited *Williams* v. *Hingham, &c. Turnpike Corporation*, 4 Pick. 341.

SHAW, C. J.   The declaration is fatally defective in not stating the plaintiffs' title, and judgment must be arrested.  The court have no means of knowing, from the minutes of the judge who tried the case, or otherwise, that the plaintiffs' property in the goods was proved; and not being stated in the declaration, it is not to be presumed.  It is not the case of a title defectively stated, which may be cured by a verdict; but the plaintiffs have stated no title.   No judgment can be rendered on the declaration as it stands ; but the plaintiffs may, upon paying the costs which have accrued since the case went to the jury, have a new trial.

Whether, if the court had judicial knowledge that the property was proved to have been the plaintiffs', they might grant leave to amend, and enter judgment on the verdict, as upon the amended declaration, is a point that need not be decided at this time.